NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD PONTON Sr., individually, RONALD PONTON Sr., d/b/a MEXICO MOVING COMPANY and TOMIKA PONTON,

Plaintiffs - Appellants,

v.

JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.,

Defendants - Appellees.

No. 25-578

D.C. No.
2:24-cv-00248-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 5, 2026[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Ronald Ponton, Sr., Tomika Ponton, and Mexico Moving Company ("the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pontons") appeal from the district court's dismissal for failure to state a claim against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Chase"), the denial of a motion to certify a question to the Washington Supreme Court, and the denial of a motion to transfer venue. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a dismissal for failure to state a claim and for abuse of discretion the decision to dismiss with prejudice. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). The Pontons' claims arise out of a Washington garnishment order issued to collect a judgment against them. The creditor, who was a bankruptcy trustee, obtained and served the garnishment writ on Chase, and the bank placed a hold on their accounts. Those claims fail as a matter of law because Chase's hold was not only authorized but also mandatory. Washington's statute required Chase to freeze the Pontons' funds "[f]rom and after the service of [the] writ of garnishment." Wash. Rev. Code § 6.27.120(1). Chase's hold was further permitted by a court order freezing the funds, which the Pontons and the trustee had jointly sought.

We reject the Pontons' remaining arguments. They do not establish that Chase had an independent legal duty to guard against injuries due to a purportedly wrongful garnishment in this circumstance. It is also irrelevant that an attorney

2                                                                                            25-578

and not a court issued the writ, because the writ had "like effect" as that of a writ issued by "[t]he clerks of the superior courts and district courts" of Washington. *Id.* § 6.27.020(1)–(2). Likewise, the definition of a "restriction state" in a consent order between the Consumer Protection Financial Bureau and Bank of America, N.A., which only binds the latter, has no relevance to the dispute between Chase and the Pontons.

In light of the foregoing, any further amendment of the Pontons' complaint would be futile, and the district court correctly dismissed the case with prejudice. Because the Pontons fail to state a claim, we do not address their arguments about the certification and venue transfer motions.

**AFFIRMED.**